PROPERTY
If the trustees of a public trust are granted such authority in the trust instrument, a public trust may borrow money by issuing notes and may secure payment of such notes by mortgaging the personal property of the trust. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: May a public trust, created pursuant to 60 O.S. 176 [60-176] et seq. (1977), enter into agreements to borrow money by issuing notes and secure payment of these notes by mortgaging the personal property of the trust? To answer this question it must be determined whether the trustees of a public trust may borrow money by issuing notes and also whether such notes may be secured by mortgaging the personal property of the trust. A question concerning the powers of the trustees of a public trust always involves a question as to whether trustees were granted such powers in its trust instrument. This question, however, is a fact issue which is not the proper subject of an Attorney General's Opinion. For the purposes of this opinion, it will be assumed that the trust instrument permitted trustees to issue notes and to secure payment of such notes by mortgaging the trust personal property. In answer to your first question, 60 O.S. 176 [60-176](a) (1977) states that: "Express trusts may be created to issue obligations and to provide funds for the furtherance and accomplishment of any authorized and proper public function or purpose of the State or of any county or municipality in real or personal property, . . ." Although the word "obligations" is not specifically defined anywhere in the Public Trust Act, there are references to such trusts issuing "bonds, notes, or other evidences of indebtedness" in various places in the Act. 60 O.S. 176 [60-176](e), 60 O.S. 178.2 [60-178.2], and 60 O.S. 178.7 [60-178.7] [60-178.7] (1977). From this it is clear that the Legislature recognized notes as one type of authorized obligation which a public trust could issue. The second question, concerning the validity of securing any notes by mortgaging the personal property of the trust, was answered by the Supreme Court in the case of Board of County Commissioners of Oklahoma County v. Warram, 285 P.2d 1034 (Okla. 1955). One of the issues in that case was whether the trustees of the Oklahoma County Utility Services Authority had the power to create debts and mortgage the trust property as security. The Court construed the Public Trust Act in connection with 60 O.S. 175.24 [60-175.24] (1951) and found that the trustees of the public trust could secure obligations of the trust by mortgaging its property, if this power were included in the instrument creating the trust. Board of County Commissioners v. Warram, supra, at 1041. It is, therefore, the opinion of the Attorney General that if the trustees of a public trust are granted such authority in the trust instrument, a public trust may borrow money by issuing notes and may secure payment of such notes by mortgaging the personal property of the trust. (GLENN McLOUGHLIN) (ksg)